**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Brian K. Skidmore,**
**Claimant Below, Petitioner**

**vs.)     No. 22-0030     (**BOR Appeal No. 2057052)
(Claim No. 2020014621)

**United Parcel Service,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**


Petitioner Brian K. Skidmore appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Respondent United Parcel Service filed a timely response.[1] The issue on appeal is compensability. Petitioner argues that his claim should be held compensable. The claims administrator denied the claim on January 30, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its July 2, 2021, order. The order was affirmed by the Board of Review on December 17, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

On January 9, 2020, petitioner, a delivery driver, completed an Employees' and Physicians' Report of Injury stating that on December 3, 2019, he injured his neck and back when his supervisor, Zackery Watson, intentionally pushed or shoved him while going through a door. Near the doorway, petitioner was talking to a coworker when Supervisor Watson attempted to pass them. On the Employees' and Physicians' Report of Injury, petitioner identified the coworker, Tyler White, as a witness to the incident.

Petitioner first was seen for "an acute complaint in the back of center of the neck, back of upper left back, back of upper right back, back of mid left back, back of mid right back, back of lower left back[,] and back of lower right back of unknown origin since 12/03/2019" on December 12, 2019, by Sherri R. Collett, D.C. In a manually-entered notation, Dr. Collett noted that petitioner stated that on December 3, 2019, "he was standing at work looking at a bulletin board," and "[h]is boss came out of the office from behind him and struck him in the back." Dr. Collett made the following diagnoses: "(M99.01) Seg and somatic dysf of cervical reg, (M54.2) Cervicalgia, (M99.02) Seg and somatic dysf of thoracic reg, (M99.03) Seg and somatic dysf of lumber reg,

---

[1]Petitioner is represented by J. Thomas Greene, Jr., and respondent is represented by Jeffrey B. Brannon.

(M54.6) Pain in thoracic spine." However, Dr. Collett was not in the provider network of respondent's workers' compensation insurer, so petitioner chose not to treat with her.

The Employees' and Physicians' Report of Injury, dated January 9, 2020, was completed by Sierra Bennett, FNP-BC, who diagnosed muscular strains of the neck and back. Ms. Bennett restricted petitioner to light duty and referred him to Russell Biundo, M.D. Petitioner was seen by Dr. Biundo on January 13, 2020. Dr. Biundo noted that petitioner reported that Supervisor Watson "intentionally [ran] into him" on December 3, 2019, and he experienced immediate pain. Dr. Biundo made the following diagnoses: (1) lumbar sprain; (2) cervical sprain; (3) lumbar spondylosis; and (3) cervical degenerative disc disease. Dr. Biundo kept petitioner on light duty.

On January 30, 2020, the claims administrator denied petitioner's claim because it found that he did not sustain an injury in the course of and resulting from his employment. In support of his protest of this order, petitioner testified at a deposition on August 17, 2020. Petitioner stated that on December 3, 2019, he went to the office to get his computer board and engaged in a conversation with Coworker White. Petitioner further stated that Supervisor Watson came out of an office door and pushed petitioner out of his way, which caused petitioner to bend backwards and his neck to snap back. Petitioner indicated that he had to shuffle his feet to keep from falling down and that he was pushed into a desk. Petitioner stated that Supervisor Watson told him "excuse me" but said it in a "real smart aleck-ish [way]." Petitioner testified that he returned to full duty on March 18, 2020. During cross-examination, petitioner stated that he did not have a problem with Supervisor Watson but that Supervisor Watson had a problem with him and other employees. While petitioner believed that Supervisor Watson committed a battery against him, petitioner testified that he did not report the incident to the police until December 16, 2019. Petitioner admitted that he should have made a report to the police sooner. Petitioner stated that he filed a workplace grievance against Supervisor Watson on December 4, 2019. Petitioner further testified that his pain did not become severe until December 7, 2019.

Also, on August 17, 2020, petitioner filed a complaint with the West Virginia Human Rights Commission alleging that respondent discriminated against him due to age and disability.[2] Petitioner specifically alleged that Supervisor Watson "grabbed" him on December 3, 2019, and caused him to suffer neck and back injuries and that on January 14, 2020, while petitioner was restricted to light duty, Supervisor Watson required petitioner to watch a training video on an awkwardly placed monitor, which aggravated his cervical sprain.

Dr. Collett testified at a deposition on March 18, 2021. Dr. Collett explained that she manually entered petitioner's description of the December 3, 2019, incident because the computer program defaulted to "unknown origin" for the injury. Dr. Collett had no reason to disbelieve petitioner's statement regarding how he was injured on December 3, 2019. However, Dr. Collett stated that she saw petitioner for complaints that were similar if not identical to his complaints

---

[2]Petitioner was born on September 26, 1968. Throughout his thirty-two years of working for respondent, petitioner suffered various work-related and non-work-related injuries and conditions. In his August 17, 2020, complaint with the West Virginia Human Rights Commission, petitioner did not identify a specific disability as one of the two bases for his discrimination claim.

since 2012. The last time Dr. Collett saw petitioner prior to December 2019 was in June 2019. Respondent submitted into the record Dr. Collett's treatment notes for petitioner's visits from April 2, 2012, through June 17, 2019. During that time, Dr. Collett treated petitioner for complaints regarding his cervical spine, thoracic spine, lumbar spine, and lumbosacral spine as well as headaches and muscle spasms.

Respondent also submitted into the record an affidavit from Supervisor Watson dated April 21, 2021. Supervisor Watson stated that on December 3, 2019, petitioner and Coworker White were having a conversation in front of the door leading to the warehouse. Supervisor Watson thought he could pass them and exit into the warehouse without interrupting their conversation. However, Supervisor Watson bumped into petitioner as Supervisor Watson was passing by him. Supervisor Watson stated that petitioner did not stumble or get knocked off his feet. Rather, petitioner chuckled and told Coworker White that Supervisor Watson bumped into him. As Supervisor Watson went through the door, he politely told petitioner "excuse me" for bumping into him. Supervisor Watson further stated that petitioner did not suffer an injury on December 3, 2019.

In its July 2, 2021, order, the Office of Judges affirmed the claims administrator's denial of petitioner's claim of sustaining an occupational injury on December 3, 2019. The Office of Judges found that petitioner's testimony about the December 3, 2019, incident was not credible given the inconsistency in the way petitioner described the event (being pushed/shoved as compared to struck or grabbed or ran into). The Office of Judges observed that although petitioner (1) filed a workplace grievance and a complaint with the West Virginia Human Rights Commission and (2) stated that he made a report to the police, the results of none of those matters were placed in the record. Petitioner also failed to submit a statement from Coworker White whom he identified as a witness. The Office of Judges determined that corroborating evidence from a witness was required because the lack of credibility in petitioner's version of the December 3, 2019, incident meant that the evidence was not in equipoise. Thus, it had no duty to adopt the resolution most consistent with petitioner's position. On December 17, 2021, the Board of Review adopted the Office of Judges' findings and affirmed its order upholding the claim administrator's denial of the instant claim.[3]

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. of Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

---

[3]The Board of Review corrected certain minor errors in the Office of Judges' decision not relevant to petitioner's appeal.

After review, we find no error in the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *See* Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). "Pursuant to W. Va. Code § 23-4-1g(a) (2003) (Repl. Vol. 2010), a claimant in a workers' compensation case must prove his or her claim for benefits by a preponderance of the evidence." Syl. Pt. 2, *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016). "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Therefore, based upon our review of record, we find that there is no cause to disturb the Office of Judges' determination that petitioner's testimony that he sustained a work-related injury on December 3, 2019, was not credible.

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn